# SUPERIOR COURT,

## FALL SESSIONS,

## 1889.

GEORGE HALLOWELL ASSIGNEE OF LEVIN B. BROWN *v.* JOHN
K. BROWN, who hath survived HUGH BROWN, deceased, and
his heirs and terre tenants.

*Pleading—Judgment Entered Jointly—Scire Facias.*

In bringing an action of *Scire Facias* on a judgment entered against two persons
jointly, one of whom is now dead, it is proper to join the heirs at law and terre
tenants of the deceased with the surviving defendant as defendants in the *Scire
Facias*

In such a cass the administrator of the deceased co-defendant should not be joined as
defendant in the *Scire Facias*, he having no control of the real estate against
which the judgment is a lien.

*(Sussex, October, 1889.*)*

This was a casè stated upon a *scire facias* at the suit of the
plaintiff against the defendants, on a judgment in the Superior
Court in and for Sussex County, and was as follows:

And now this 17th day of October, A. D., 1882, it is hereby
agreed by and between the parties to the above suit, that the fol-

---

*NOTE.—This case was dated October, 1883, but was on file among the cases
of 1889, and therefore is published here.

lowing case be stated for the opinion of the Court in the nature of a special verdict.

On the ninth day of February, A. D., 1875, Levin B. Brown recovered by confession, in the Superior Court of the State of Delaware, in and for Sussex County, a judgment against John K. Brown and Hugh Brown, the said judgment being No. 154, to October Appearances, 1874, and the real debt therein being the sum of one thousand dollars, payable on the first day of January, A. D., 1866, with interest from the twenty seventh day of December, A. D., 1864.

The following credits are indorsed on the record of said judgment to wit:    May, 1867, by $70 ; December 27, 1868, by $110 ; January 1, 1873, Cr., by $300 ; September 10, 1873, by $67.38.

On the —— day of ———— A. D., 1875, a *fi. fa. vice comes* was issued on said judgment, being No. 354, to October Term, 1875.

On the —— day of ———— A. D., 1875, the said Hugh Brown departed this life.

On the first day of November, A. D., 1876, the said judgment debt, interest and costs, was duly assigned, transferred and set over by the said Levin B. Brown to George Hallowell.

On the 28th day of October, A. D., 1878, the said George Hallowell caused to be issued on said judgment a writ commonly called a *Fieri Facias*, being No. 7 to April Term, 1879, and in favor of George Hallowell, assignee of Levin B. Brown *v.* John K. Brown, who both survived Hugh Brown, deceased, the said Hugh Brown having departed this life on or about the —— day ———— A. D., 1875.

The following return was made upon said writ of *Fieri Facias* to wit:    Levied on goods and sold, and nothing to apply to this execution suit.    B. W. Truitt, L. Shff.

On the —— day of ———— A. D., 1879, a thirty day rule was issued on said judgment, being No. 238 to October Term, 1879, on which the following return was duly made, to wit: "In-

quiry held June 10, 1879, and lands condemned," saith B. W. Truitt, L. Shff.

On the —— day of ———————— A. D., 1879, a writ commonly called a writ of *Venditioni Exponas* to sell lands, being No. 331 to October Term, 1879, was issued at the suit of the parties last aforesaid, against the parties last aforesaid on said judgment.

To the said writ of *Venditioni Exponas* the following return was made, to wit: Lands advertised and sold July 19, 1879, at the hotel of H. C. Pennington, in Seaford to the Nanticoke Building and Loan Association, for the sum of $1100.00, and applied as follows, to wit: The sum of $291.42 to a judgment of Wm. H. Ross and Jacob Williams *v.* John K. Brown, as garnishee, as per answer October 11, 1866, being the amount in full thereon, which settles the same; the sum of $142.32 to judgment No. 149 to April Term 1867, at suit of Jacob Williams *v.* John K. Brown, which settles the same; the sum of $152.61 to judgment No. 136 to October Term, 1871, at suit of George W. Windsor *v.* John K. Brown, which settles the same; the sum of $241.35 to judgment No. 19, to April Term, 1872; at suit of James Rawlins *v.* John K. Brown, which settles the same, and the sum of $272.30 to this execution in part payment and exhausts the said fund. Saith B. W. Truitt, Shff.

On the 17th day of March, A. D., 1875, letters of administration on the estate of said Hugh Brown, deceased, were in due form of law granted to Eliza Brown and Severn A. Brown. On the 18th day of February, A. D., 1882, they passed their fifth account on the estate of said deceased, in and by which they are decreed to have in hand an unappropriated balance of seventy-seven dollars and eighty-five cents.

On the 23rd day of March, A. D., 1875, a judgment by confession was recovered in the said Superior Court (being No. 228 to October Appearances, 1874), at the suit of the said Hugh Brown *v.* Hugh C. Brown, for the sum of fourteen hundred and forty-eight dollars and sixty cents, (1,448.60) real debt with interest from the 7th of November, A. D., 1874, and payable as follows, to wit:

$150 with interest on the whole, January 1st, A. D., 1876 and the balance in $150 payments with interest on the whole annually until paid.

The following entry has been made upon the record of said judgment, to wit: "1882 April 10th, Cr. this judgment by cash paid on the 11th day of January, 1875, to Hugh Brown in his life time $400, S. A. Brown, Adm. of Hugh Brown, deceased."

On the 2nd day of March, A. D., 1882, a writ commonly called a writ of *Scire Facias*, was issued out of said Superior Court at the suit of George Hallowell, assignee of Levin B. Brown v. John K. Brown, who hath survived Hugh Brown, deceased, and the heirs and *terre tenants* of the lands of said Hugh Brown, deceased, said suit being No. 28, April Term, 1882, and in and by which said writ the sheriff was commanded to make known to the said John K. Brown, who hath survived Hugh Brown, deceased, that he be and appear in said Superior Court on a day therein named to show cause " why the said George Hallowell, assignee of Levin B. Brown, ought not to have his execution against him of the debt and damages as aforesaid according to the form, force and effect of the said recovery," and in and by which said writ the said sheriff was further commanded to make known " to the heirs and *terre tenants* of the lands and tenement which were of the aforesaid Hugh Brown, deceased, on the ninth day of February A. D. 1875, (on which day the judgment aforesaid was rendered), or at any time said *    *    " that they and each of them be and appear before the said Court on a day therein named to show cause " why the debt and damages aforesaid of the land and tenements aforesaid ought not to be made, and to the said George Hallowell, assignee of Levin B. Brown as aforesaid rendered according to the form, force and effect of the recovery aforesaid."

To the said writ of *Scire Facias*, Samuel J. Martin, sheriff of Sussex county, to whom it was directed made the following return, to wit: " Made known by John Den and Richard Fen, personally to Sallie D. Sharp, Henry W. Brown, Levin B. Brown, Susan A.

Brown, Hugh C. Brown, and John K. Brown, March 7, 1882, so answers Samuel J. Martin, sheriff.

If the Court be of the opinion that the said *Scire Facias* is properly issued, then judgment to be entered for the plaintiff, but, if not, then judgment to be entered for the defendant. The costs to follow the judgment, and either party reserving the right to sue out a writ of error thereon.

*A. P. Robinson,* attorney for plaintiff.

*Jacob Moore,* attorney for defendant.

A writ of *scire facias* may be issued on a joint judgment against the survivor or survivors and the heirs and *terre tenants* of a deceased co-defendant in it. A *scire facias* is a judicial writ founded upon some matter of record, and requiring the defendant in it to show cause why the plaintiff shall not have the advantage of such record.

2 Bouv. Law Dic. (Title *Scire Facias*), 499.

As for instance, why he should not have executions of his judgment.

2 Tidd, 1089.

And being founded upon a judgment, it must follow the nature of the judgment, and if the judgment is joint, so must the *scire facias* be joint; and it must be issued against all the persons who are bound *in equali jure* by the judgment.

*Parton v. Hall,* 2 Salk., 598; *Grenell v. Sharp,* 4 Whart., 345; *Foster on Sci. Fa.,* 73 Law Libr; 174.

In applying this principle to the case of a deceased co-defendant in a judgment the question arises which of the persons remain bound by the judgment *in equali jure* after one of joint defendants therein has died? By the death of the co-defendant, the judgment being joint, survives against the surviving co-defendant or co-defendants as to the personality, and the personal estate of the decesed co-defendant is discharged from liability at law upon it, and

can only be reached by proceeding in a Court of equity, and there only by showing that the deceased participated beneficially in the cause of action upon which the judgment was obtained. In other words, in such a cease the judgment ceases to be a judgment at law against the personal estate of the deceased, and at law is no longer a debt due from the personal representatives of the deceased.

1 *Pars. on Contr.*, 11; 2 *Wm. Saund. Rep.*, 51, *N.* 4; 2 Tidd., 1120; 1 *Story's Eq. Juris*, Secs.162-4, *N.* 3.

Joint judgments are not bound by or affected by our statute on the subject of the survivency of action.

Chap. 105, Secs. 1 and 2, Rev. Code, 643.

Although such a joint judgment so survives as to the personalty, it does not as to the realty, but on the contrary, the lands and real estate of the deceased co-defendant still remain bound by the lien of the judgment in the hands of his heirs and *terre tenants*, and the lands and real estate of the surviving co-defendants cannot be sold without proceeding by *scire facias* against the lands and real estate of the deceased also, because the real estate of both are bound *in equali jure* and must be contributory to the payment of the judgment, and the proper way to proceed for that purpose is by *scire facias* against the surviving defendant or defendants and the heirs and terre tenants of the deceased.

*Foster on Scire Facias* 73 Law Lib., 174; *Bingham on Judgments* 13 Law Libr., 58; 2 Tidd 1121, Herman on Execution, Sec. 84; *Freeman on Executions*, Sec., 87; 2 *Wm. Saund. Rep.* 51, n. 4; *Ibd.*, 72; Harberts' Case, 3 Rep., 13; *Pennoir v. Brace*, 1 Salk. 319; *Hildreth v Thompson*, 16 Mass., 193, n. 2; *Woodcock v. Bennett*, 1 Cow., 711, 738; *Erwin's Lesse v. Dundas et. al.*, 4 How., 77; *Ex. parte Dixon's Ex.*, 1 Del. Chy. Rep., 261. If it should be objected on the other side that the executor or administrator of the deceased defendant should be joined with his heirs and the terre tenants of his real estate in the *scire facias*, notwithstanding his personal estate is discharged at law from liability to the judgment by his death, the answer is that even in the case of a sole defend-

ant our Courts have construed our statute, Rev. Code, 688, Sec., 61, Chap., 111, as being in the disjunctive, and have allowed the plaintiff to proceed by *scire facias* against any of the parties therein named without compelling him first to proceed against any of the others or to make them parties defendants in the *scire facias, State v. Terre tenants of P. Redding,* 1 Harr., 23 Hall's Dig., 217; *Robinson's Admr. v. Milby's Admr. & Terre tenants,* 2 Houst. 387.

*Moore* for the defendants cited 14 Pet., 153, 2 Houst., 138, 387.

COMEGYS, C. J., announced the opinion of the Court:

Upon consideration of the question presented by the case stated, and consulting the authorities, we are satisfied that the *scire facias* in this case was properly issued. It is in accordance with the opinion of Lord Holt in the case of *Parton v. Hale,* 2 Salk., 598, cited by plaintiff's counsel, and is also warranted by the form suggested by him, and as adapted into Tidd's Appendix of Forms.

The reason why it is not proper to join the administrator of the deceased co-defendant in a judgment in an execution or writ of *scire facias* upon it, is this—that, at law, in the case of a joint contract, upon the death of a contractor his executor or administrator is discharged from liability, to be sued upon it, and the survivor or survivors can alone be sued; and if all of them be dead it is only the executor, or administrator of the last survivor who can be charged.    2 *Wm. on Ex.,* 1239, citing *Goodson v. Good,* 2 Marsh., 300, and 6 Taunt. 594, S. C.

If the contract be several, or joint and several, the executor or administrator of the deceased contractor may be sued at law upon the contract in a separate action; but he cannot be sued jointly with the survivor, because one is to be charged *de bonis testatoris,* and the other *de bonis propriis, Id.,* 1249 citing *Freem,* 248 ; 2 *Lev.* 228.

It is not necessary to pass upon the effect of our statute (Rev. Code, Chap., 63, Sec. 9,) with respect to obligations or written contracts, which declares that they shall be joint and several unless

otherwise expressed; for the objection with respect to joinder would still be the same as that last mentioned.

Judgment for the plaintiff.